

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **JOHN SCHEMITSCH**<br>*Senior Counsel*<br>Phone: (212) 35635395<br>Fax: (212) 356-3509<br>jschemit@law.nyc.gov |

February 24, 2025

**VIA ECF**
Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Naquan Cintron v. City of New York, et al.</u>, 24-cv-06602 (PAE)

Your Honor:

    I am a Senior Counsel in the office of Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, representing defendant City of New York in this matter. Defendant write to respectfully move the Court to compel plaintiff to provide a Section 160.50 release pursuant to Local Rule 83.10(1)(a).

    By way of background, plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging false arrest and excessive force, *inter alia,* against the City of New York, and individually named defendants Officers Hua, Gutierrez, and Travis. Plaintiff filed his complaint on August 31, 2024, and, per the civil docket sheet, the complaint was served on the City on November 21, 2024. ECF Nos. 1 and 4.

    Local Rule 83.10(1)(b) provides that in a case, such as this, for which Local Rule 83.10 applies, plaintiff must serve on the City a 160.50 release at the same time as he serves the complaint. <u>See</u> Local Rule 83.10, ECF Entry dated September 3, 2024. Defendant cannot obtain the sealed arrest records pertaining to the underlying incident without such a release. Plaintiff did not provide one at the time the complaint was served, on November 21, 2024.

    The undersigned wrote to counsel for plaintiff on December 19, 2024, providing a copy of Local Rule 83.10 and requesting the required release, which counsel indicated would be forthcoming "ASAP." The undersigned followed up in writing to plaintiff's counsel again on January 3, 2025 and January 28, 2025, and received no response from plaintiff's counsel. On February 7, 2025, the undersigned again wrote to plaintiff's counsel, indicating that defendant would seek the Court's intervention if the required release was not provide by February 14,

- 2 -

2025. To date, plaintiff has not provided an executed 160.50 release required under Local Rule 83.10.

As such, pursuant to Local Rule 83.10, defendants request the Court issue an order compelling plaintiff to provide an executed 160.50 release by a date certain.

Thank you for your consideration herein.

                                              Respectfully submitted,

                                              /s/
                                             John Schemitsch
                                             *Senior Counsel*

cc:    **VIA ECF**
       All Counsel of Record