UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

NAQUAN CINTRON,

                                        Plaintiff,

                 - against -

CITY OF NEW YORK, AUSTIN HUA, Individually,
JIMMY GUTIERRES, Individually, DANIEL TRAVIS,
Individually, and JOHN and JANE DOE 1 through 10,
Individually,

                                        Defendants.

-------------------------------------------------------------------- X

**ANSWER TO AMENDED COMPLAINT BY DEFENDANTS CITY OF NEW YORK, DANIEL TRAVIS, AND JIMMY GUTIERRES**

24-CV-6602 (PAE)

**Jury Trial Demanded**

        Defendants City of New York, Daniel Travis, and Jimmy Gutierres by their attorney Muriel Goode-Trufant, Corporation Counsel of the City of New York, for their answer to plaintiff's Complaint, filed September 3, 2024, respectfully allege, upon information and belief, as follows:

        1. Deny the allegations set forth in paragraph "1" of the Complaint, except admit plaintiff purports to proceed as stated therein.

        2. Deny the allegations set forth in paragraph "2" of the Complaint, except admit plaintiff purports to proceed as stated therein.

        3. Deny the allegations set forth in paragraph "3" of the Complaint, except admit plaintiff purports to base jurisdiction as stated therein.

        4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit plaintiff purports to base venue as stated therein.

        5. State paragraph "5" of the Complaint is not an assertion of fact, to which a response is required.

6.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7.   Deny the allegations set forth in paragraph "7" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York.

8.   Deny the allegations set forth in paragraph "8" of the Complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

9.   Deny the allegations set forth in paragraph "9" of the Complaint, except admit that at the time of the alleged incident, Austin Hua, Jimmy Gutierres, and Daniel Travis were employees of the New York City Police Department and deny knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to unidentified defendants.

10.   Deny the allegations set forth in paragraph "10" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

11.   Deny the allegations set forth in paragraph "11" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

12.   Deny the allegations set forth in paragraph "12" of the Complaint, except admit that on June 2, 2023, plaintiff was driving a moped in the vicinity of 2nd Avenue near 106th Street in Manhattan, New York.

13.   Deny the allegation set forth in paragraph "13" of the Complaint, except admit that Officers Hua, Gutierres, and Sgt. Travis attempted to stop plaintiff.

14.   Deny the allegations set forth in paragraph "14" of the Complaint, except aver that plaintiff fled on foot.

15.    Deny the allegations set forth in paragraph "15" of the Complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint, except admit that plaintiff fell to the ground.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit plaintiff was handcuffed and transported to a hospital.

19.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20.    Deny the allegations set forth in paragraph "20" of the Complaint, except admit that the charges against plaintiff were dismissed.

21.    Deny the allegations set forth in paragraph "21" of the Complaint.

22.    Deny the allegations set forth in paragraph "22" of the Complaint.

23.    Deny the allegations set forth in paragraph "23" of the Complaint.

24.    Deny the allegations set forth in paragraph "24" of the Complaint.

25.    Deny the allegations set forth in paragraph "25" of the Complaint.

26.    Deny the allegations set forth in paragraph "26" of the Complaint.

27.    Deny the allegations set forth in paragraph "27" of the Complaint.

28.    Deny the allegations set forth in paragraph "28" of the Complaint.

29.     In response to the allegations set forth in paragraph "29" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

30.     Deny the allegations set forth in paragraph "30" of the Complaint.

31.     Deny the allegations set forth in paragraph "31" of the Complaint.

32.     Deny the allegations set forth in paragraph "32" of the Complaint.

33.     In response to the allegations set forth in paragraph "33" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

34.     Deny the allegations set forth in paragraph "34" of the Complaint.

35.     Deny the allegations set forth in paragraph "35" of the Complaint.

36.     Deny the allegations set forth in paragraph "36" of the Complaint.

37.     In response to the allegations set forth in paragraph "37" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

38.     Deny the allegations set forth in paragraph "38" of the Complaint.

39.     Deny the allegations set forth in paragraph "39" of the Complaint.

40.     Deny the allegations set forth in paragraph "40" of the Complaint.

41.     In response to the allegations set forth in paragraph "41" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

42.     Deny the allegations set forth in paragraph "42" of the Complaint.

43.     Deny the allegations set forth in paragraph "43" of the Complaint.

44.    Deny the allegations set forth in paragraph "44" of the Complaint.

45.    Deny the allegations set forth in paragraph "45" of the Complaint.

46.    In response to the allegations set forth in paragraph "46" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

47.    Deny the allegations set forth in paragraph "47" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

48.    Deny the allegations set forth in paragraph "48" of the Complaint.

49.    Deny the allegations set forth in paragraph "49" of the Complaint.

50.    Deny the allegations set forth in paragraph "50" of the Complaint.

51.    In response to the allegations set forth in paragraph "51" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

52.    Deny the allegations set forth in paragraph "52" of the Complaint.

53.    Deny the allegations set forth in paragraph "53" of the Complaint.

54.    In response to the allegations set forth in paragraph "54" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

55.    Deny the allegations set forth in paragraph "55" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

56.    Deny the allegations set forth in paragraph "56" of the Complaint.

57.    Deny the allegations set forth in paragraph "57" of the Complaint.

58.    Deny the allegations set forth in paragraph "58" of the Complaint.

59.    Deny the allegations set forth in paragraph "59" of the Complaint.

60.    Deny the allegations set forth in paragraph "60" of the Complaint.

61.    Deny the allegations set forth in paragraph "61" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

62.    Deny the allegations set forth in paragraph "62" of the Complaint.

63.    Deny the allegations set forth in paragraph "63" of the Complaint.

64.    In response to the allegations set forth in paragraph "64" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

65.    Deny the allegations set forth in paragraph "65" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 1, 2023, and further admit that, to date, this matter has not been resolved.

66.    Deny the allegations set forth in paragraph "66" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the Comptroller's Office on or about September 1, 2023, and further admit that, to date, this matter has not been resolved.

67.    Deny the allegations set forth in paragraph "67" of the Complaint, except admit that this case was filed on August 31, 2024.

68.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69.    State paragraph "69" of the Complaint are legal conclusions, to which no responses is required.

70.    In response to the allegations set forth in paragraph "70" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

71.    Deny the allegations set forth in paragraph "71" of the Complaint.

72.    Deny the allegations set forth in paragraph "72" of the Complaint, except admit that plaintiff was placed under arrest and handcuffed.

73.    Deny the allegations set forth in paragraph "73" of the Complaint.

74.    Deny the allegations set forth in paragraph "74" of the Complaint.

75.    Deny the allegations set forth in paragraph "75" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

76.    Deny the allegations set forth in paragraph "76" of the Complaint.

77.    In response to the allegations set forth in paragraph "77" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

78.    Deny the allegations set forth in paragraph "78" of the Complaint.

79.    Deny the allegations set forth in paragraph "79" of the Complaint.

80.    Deny the allegations set forth in paragraph "80" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

81.    Deny the allegations set forth in paragraph "81" of the Complaint.

82.    In response to the allegations set forth in paragraph "82" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

83.    Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. In response to the allegations set forth in paragraph "87" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint, except to the extent they are legal conclusions, to which no response is required.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. In response to the allegations set forth in paragraph "92" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint.

96. In response to the allegations set forth in paragraph "96" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99.     In response to the allegations set forth in paragraph "99" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

100.    Deny the allegations set forth in paragraph "100" of the Complaint.

101.    Deny the allegations set forth in paragraph "101" of the complaint and respectfully refer the Court to the New York City Charter and the Administrative Code for a recitation of the relationship between defendant City and the New York City Police Department.

102.    State paragraph "102" is a legal conclusion to which no response is required.

103.    Deny the allegations set forth in paragraph "103" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

104.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

105.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of non-parties or third parties and was not the proximate result of any act of defendants.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

106.    Plaintiff provoked any incident.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

107.    There was probable cause for plaintiff's arrest and detention.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

108.    Defendants did not violate any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

109.    Defendants Jimmy Gutierres and Daniel Travis did not violate any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore, are protected by qualified immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

110.    At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant's officials entailed the reasonable exercise of proper and lawful discretion.  Therefore, defendant City is entitled to governmental immunity from liability.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

111.    At all times relevant to the acts alleged in the Complaint, defendants Jimmy Gutierres and Daniel Travis acted reasonably in the proper and lawful exercise of their discretion.

## AS AND FOR AN NINTH AFFIRMATIVE DEFENSE:

112.    Punitive damages cannot be assessed against defendant City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

113.    Plaintiff has failed to mitigate his damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE:

114.    Plaintiff may have failed to comply with New York General Municipal Law §§ 50(e), *et seq*.

115.

**WHEREFORE,** defendants City of New York, Travis, and Gutierres request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: May 12, 2025
        New York, New York

                            MURIEL GOODE-TRUFANT
                            Corporation Counsel of the City of New York
                            *Attorney for Defendants City of New York, Jimmy*
                            *Gutierres, and Daniel Travis*
                            100 Church Street, Room 3-222
                            New York, NY 10007
                            T: (212) 356-3539
                            E: jschemit@law.nyc.gov


                            By:    ____/s/ *John Schemitsch*_____
                                   John Schemitsch
                                   *Senior Counsel*

TO:    **VIA ECF**
       *All Counsel of Record*