UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NAQUAN CINTRON,

                              Plaintiff,

      -against-

CITY OF NEW YORK, AUSTIN HUA, Individually
JIMMY GUTIERRES, Individually, DANIEL TRAVIS,
Individually, and JOHN and JANE DOE 1 through 10,
Individually (the names John and Jane Doe being fictitious,
as the true names are presently unknown),

                            Defendants.

------------------------------------------------------------X

**ANSWER WITH CROSS-CLAIMS AGAINST THE CITY OF NEW YORK**

Index No.: 24-CV-6602 (PAE)

JURY TRIAL DEMANDED

       Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA, by his attorneys LaBarbera & Associates P.C., hereby answers Plaintiff's Complaint as follows:

## PRELIMINARY STATEMENT

1. Deny the allegations contained in paragraph 1.

## JURISDICTION

2. Admit the allegations contained in paragraph 2.

3. Admit the allegations contained in paragraph 3.

## VENUE

4. Admit the allegations contained in paragraph 4.

## JURY DEMAND

5. Paragraph 5 is a Jury Demand to which no response is required.

## PARTIES

6. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 6.

1

7. Admit the allegations contained in paragraph 7.

8. Admit the allegations contained in paragraph 8.

9. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 9, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

10. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 10, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

11. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 11, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

## **FACTS**

12. Admit the allegations contained in paragraph 12.

13. Deny the allegations contained in paragraph 13.

14. Deny the allegations contained in paragraph 14.

15. Deny the allegations contained in paragraph 15.

16. Admit the allegations contained in paragraph 16.

17. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 17.

18. Deny the allegations contained in paragraph 18.

19. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Deny the allegations contained in paragraph 20.

21. Deny the allegations contained in paragraph 21.

22. Deny the allegations contained in paragraph 22.

23. Deny the allegations contained in paragraph 23.

24. Deny the allegations contained in paragraph 24.

25. Deny the allegations contained in paragraph 25.

26. Deny the allegations contained in paragraph 26.

27. Deny the allegations contained in paragraph 27.

28. Deny the allegations contained in paragraph 28.

**Federal Claims**

**AS FOR AN ANSWER TO THE FIRST CAUSE OF ACTION**

(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983 against Defendant Officers)

29. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 28 as if fully set forth herein with the same force and effect.

30. Deny the allegations contained in paragraph 30.

31. Deny the allegations contained in paragraph 31.

32. Deny the allegations contained in paragraph 32.

## AS FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

(<u>Excessive Force under 42 U.S.C. § 1983 against Defendant Officers</u>)

33. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 32 as if fully set forth herein with the same force and effect.

34. Deny the allegations contained in paragraph 34.

35. Deny the allegations contained in paragraph 35.

36. Deny the allegations contained in paragraph 36.

## AS FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

(<u>Excessive Force under 42 U.S.C. § 1983 against Defendant Officers</u>)

37. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 36 as if fully set forth herein with the same force and effect.

38. Deny the allegations contained in paragraph 38.

39. Deny the allegations contained in paragraph 39.

40. Deny the allegations contained in paragraph 40.

## AS FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION

(<u>Violation of Right to Fair Trial under 42 U.S.C. § 1983 against Defendant Officers</u>)

41. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 40 as if fully set forth herein with the same force and effect.

42. Deny the allegations contained in paragraph 42.

43. Deny the allegations contained in paragraph 43.

44. Deny the allegations contained in paragraph 44.

45. Deny the allegations contained in paragraph 45.

## AS FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION

(Failure to Intervene under 42 U.S.C. § 1983 against Defendant Officers)

46. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 45 as if fully set forth herein with the same force and effect.

47. Deny the allegations contained in paragraph 47.

48. Deny the allegations contained in paragraph 48.

49. Deny the allegations contained in paragraph 49.

50. Deny the allegations contained in paragraph 50.

## AS FOR AN ANSWER TO THE SIXTH CAUSE OF ACTION

(Supervisory Liability under 42 U.S.C. § 1983 against Supervisory Defendant Officers)

51. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 50 as if fully set forth herein with the same force and effect.

52. Deny the allegations contained in paragraph 52.

53. Deny the allegations contained in paragraph 53.

## AS FOR AN ANSWER TO THE SEVENTH CAUSE OF ACTION

(Municipal Liability under 42 U.S.C. § 1983 against Defendant City of New York)

54. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 53 as if fully set forth herein with the same force and effect.

55. Deny the allegations contained in paragraph 55, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

56. Deny the allegations contained in paragraph 56.

57. Deny the allegations contained in paragraph 57.

58. Deny the allegations contained in paragraph 58.

59. Deny the allegations contained in paragraph 59.

60. Deny the allegations contained in paragraph 60.

61. Deny the allegations contained in paragraph 61, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

62. Deny the allegations contained in paragraph 62.

63. Deny the allegations contained in paragraph 63.

**Supplemental State Law Claims**

64. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 63 as if fully set forth herein with the same force and effect.

65. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 65.

66. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 66.

67. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 67.

68. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 68.

69. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 69.

### AS FOR AN ANSWER TO THE EIGHTH CAUSE OF ACTION

(False Arrest under the laws of the State of New York against Defendant Officers and Defendant City of New York)

70. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 69 as if fully set forth herein with the same force and effect.

71. Deny the allegations contained in paragraph 71.

72. Deny the allegations contained in paragraph 72.

73. Deny the allegations contained in paragraph 73.

74. Deny the allegations contained in paragraph 74.

75. Deny the allegations contained in paragraph 75, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

76. Deny the allegations contained in paragraph 76.

## AS FOR AN ANSWER TO THE NINTH CAUSE OF ACTION

(Assault under the laws of the State of New York against Defendant Officers and Defendant City of New York)

77. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 76 as if fully set forth herein with the same force and effect.

78. Deny the allegations contained in paragraph 78.

79. Deny the allegations contained in paragraph 79.

80. Deny the allegations contained in paragraph 80, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

81. Deny the allegations contained in paragraph 81.

## AS FOR AN ANSWER TO THE TENTH CAUSE OF ACTION

(Battery under the laws of the State of New York against Defendant Officers and Defendant City of New York)

82. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 81 as if fully set forth herein with the same force and effect.

83. Deny the allegations contained in paragraph 83.

84. Deny the allegations contained in paragraph 84.

85. Deny the allegations contained in paragraph 85, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN

HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

86. Deny the allegations contained in paragraph 86.

## AS FOR AN ANSWER TO THE ELEVENTH CAUSE OF ACTION

(Malicious Prosecution under the laws of the State of New York against Defendant Officers and Defendant City of New York)

87. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 86 as if fully set forth herein with the same force and effect.

88. Deny the allegations contained in paragraph 88.

89. Deny the allegations contained in paragraph 89, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

90. Deny the allegations contained in paragraph 90.

91. Deny the allegations contained in paragraph 91.

## AS FOR AN ANSWER TO THE TWELFTH CAUSE OF ACTION

(Negligent Screening, Hiring, and Retention Prosecution under the laws of the State of New York against Defendant City of New York)

92. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 91 as if fully set forth herein with the same force and effect.

93. Deny the allegations contained in paragraph 93.

94. Deny the allegations contained in paragraph 94.

95. Deny the allegations contained in paragraph 95.

<b><u>AS FOR AN ANSWER TO THE THIRTEENTH CAUSE OF ACTION</u></b>

<u>(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)</u>

96. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 95 as if fully set forth herein with the same force and effect.

97. Deny the allegations contained in paragraph 97.

98. Deny the allegations contained in paragraph 98.

<b><u>AS FOR AN ANSWER TO THE FOURTEENTH CAUSE OF ACTION</u></b>

<u>(N.Y.C. Administrative Code §§ 8-801 through 8-807 against Defendant Officers and Defendant City of New York)</u>

99. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA repeats, reiterates, each and every response, denial, and allegation set forth in paragraphs 1 through 98 as if fully set forth herein with the same force and effect.

100. Deny the allegations contained in paragraph 100.

101. Deny the allegations contained in paragraph 101, except admit at all relevant times mentioned in the Complaint, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA was performing his duties lawfully, under color of law, and within the scope of his employment as a New York City Police Officer.

102. Deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 102.

103. Deny the allegations contained in paragraph 103.

## AS FOR A FIRST AFFIRMATIVE DEFENSE

104. Plaintiff's Complaint fails to state a claim upon which relief can be granted as against Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA.

## AS FOR A SECOND AFFIRMATIVE DEFENSE

105. The alleged incident and damages, if any, alleged to have been sustained by Plaintiff on the occasion(s) mentioned in the Complaint were wholly or in part caused by the culpable conduct of Plaintiff.

## AS FOR A THIRD AFFIRMATIVE DEFENSE

106. The actions of Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA, as a sworn Police Officer of Defendant CITY OF NEW YORK, were justified and done in good faith, in that Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA reasonably believed that he was exercising his duties lawfully, and was acting within his statutory and constitutional powers.

## AS FOR A FOURTH AFFIRMATIVE DEFENSE

107. Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA acted reasonably and in good faith in discharging his duties and responsibilities, and as such is entitled to qualified immunity.

## AS FOR A FIFTH AFFIRMATIVE DEFENSE

108. Upon information and belief, the injuries or damages alleged in the Complaint were or may have been caused in whole or in part by parties now or hereafter to be named as Co-Defendants or Third-Party Defendants and accordingly the liability of Defendant NEW

YORK CITY POLICE OFFICER AUSTIN HUA may be limited by the provisions of Article 16 of the CPLR.

## AS FOR A SIXTH AFFIRMATIVE DEFENSE

109. That any sums or consideration paid or promised to Plaintiff by any person(s) or corporation(s) claimed to be liable for the injuries or damages alleged in the Complaint shall reduce any judgment rendered in favor of Plaintiff as against Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA to the extent the greater of either sums or consideration paid or promised to Plaintiff or the amount of the joint tortfeasor's equitable share(s) of the damages in accordance with General Obligations Law § 15-108 et. seq.

## AS FOR A SEVENTH AFFIRMATIVE DEFENSE

110. Plaintiff's Complaint fails to set forth facts sufficient to constitute deprivation of any constitutional rights or other basis for a civil rights claim.

## AS FOR AN EIGHTH AFFIRMATIVE DEFENSE

111. Any award for recovery of the cost of medical care, dental care, custodial care or rehabilitation services, loss of earnings, or other economic loss claimed by Plaintiff shall be reduced to the extent that any such cost or expense was or will with reasonable certainty be replaced or indemnified from any collateral source pursuant to CPLR § 4545.

## AS FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

112. If Plaintiff was caused damages as alleged in Plaintiff's Complaint, due to any culpable conduct other than Plaintiff's own culpable conduct, then such damages were subsequently due to the culpable conduct, negligent acts, omission, or commission of Defendant CITY OF NEW YORK.

### AS FOR A SECOND CROSS-CLAIM AGAINST DEFENDANT
### THE CITY OF NEW YORK

113. All of the acts of Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA were performed under color of law, and within the scope of his duty and within the scope of his employment as a New York City Police Officer. Any liability to Plaintiff must be assumed by his employer, Defendant CITY OF NEW YORK, pursuant to the principle of *Respondeat Superior*.

114. Pursuant to this principle of law, if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA, then said Defendant is entitled to recover the amount of such judgment from Defendant CITY OF NEW YORK.

### AS FOR A THIRD CROSS-CLAIM AGAINST DEFENDANT
### THE CITY OF NEW YORK

115. All of the actions of Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA were performed within the performance of his duty and within the scope of his employment as a New York City Police Officer, and any liability to Plaintiff must be assumed by Defendant CITY OF NEW YORK pursuant to NYS General Municipal Law § 50-k.

116. Any damages sustained by the Plaintiff at the time or place mentioned in Plaintiff's Complaint are embraced within the provisions of NYS General Municipal Law § 50-k.

117. Pursuant to this provision of NYS General Municipal Law § 50-k., if Plaintiff recovers any judgment against Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA, then said Defendant is entitled to indemnification and/or contribution to recover the amount of such judgment from the Defendant CITY OF NEW YORK.

## AS FOR A FOURTH CROSS-CLAIM AGAINST DEFENDANT THE CITY OF NEW YORK

118. If Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA is found to be liable for damages in this action, such liability will have been caused or contributed to, in whole or in part, by the negligence and culpable conduct of the remaining Co-Defendants and Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA is entitled to indemnification and/or contribution.

**WHEREFORE**, Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA respectfully demands judgment against Plaintiff as follows:

(a)  Dismissing Plaintiff's Complaint in its entirety;

(b)  Over and against Defendant, CITY OF NEW YORK, for the amount of any judgment obtained against Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA;

(c)  Granting Defendant NEW YORK CITY POLICE OFFICER AUSTIN HUA costs, disbursements, expenses of the action, reasonable attorney's fees, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 28th, 2025

> Yours Truly,
>
> _____/s/_____
> BY: Doug LaBarbera (DL 6212)
> LaBarbera & Associates P.C.
> *Attorneys for Defendant P.O. Hua*
> 111 John Street, Suite 640
> New York, NY 10038
> (212) 964-8038

CC: **VIA ECF**

    Brett H. Klein, ESQ., PLLC
    *Attorneys for Plaintiff*
    305 Broadway, Suite 600
    New York, NY 10007

    Jon Schemitsch
    New York City Law Department
    *Attorneys for Defendant City of New York*
    100 Church Street
    New York, NY 10007